IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID STAMER, on behalf of himself and all others similarly situated | ) ) ) |
| Plaintiff | ) ) |
| v. | ) ) ) |
| SEAS & ASSOCIATES, LLC | ) ) |
| Defendant. | )     JURY DEMAND |

**COMPLAINT - CLASS ACTION**

**<u>INTRODUCTION</u>**

1. This action for damages and other legal and equitable remedies results from the illegal actions of Seas & Associates, LLC (hereinafter referred to as "Seas" or "Defendant") in placing unsolicited robocalls using an artificial or prerecorded voice to Plaintiff's cellular telephone number in direct contravention to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA").

2. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227.

3. Congress determined that federal legislation was needed because callers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

4. Defendant has caused Plaintiff and the putative class actual harm, not only because they were subjected to the aggravation that necessarily accompanies these messages, but

also because plaintiff and the putative class have to pay their cell phone service providers for the use of their cellular telephones and such calls are an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1331 (general federal question), § 1337, 47 U.S.C. § 227 (TCPA). Venue in this District is proper because Plaintiff resides here and Defendant transacts business here.

## PARTIES

6. Plaintiff David Stamer ("Stamer") is, and at all times mentioned herein was, an individual citizen of the State of Illinois, who resides in the district.

7. At all times relevant, Stamer was an individual residing in the State of Illinois. Stamer is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

8. Defendant Seas & Associates, LLC is an Arkansas Limited Liability Company, with its principal place of business in Arkansas, and all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

9. Seas & Associates, LLC is a debt collection agency.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

10. The plain language of section 227(b)(1)(A)(iii) of the TCPA prohibits the use of artificial or prerecorded messages in calls made to a wireless number in the absence of an emergency or the prior express consent of the called party.

11. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA,

2

such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

## FACTUAL BACKGROUND

12. On or around June 17, 2015, Defendant placed an automated call, using an artificial or pre-recorded voice message, to Plaintiff's cellular telephone number in an attempt to collect a debt from a third party.

13. Plaintiff does not owe any debt to Seas or its clients, has not entered into any agreements with Seas, and has never provided Seas with consent to contact him on his cellular telephone regarding any matter.

14. Defendant placed additional automated calls to Plaintiff's cellular telephone number using an artificial or pre-recorded voice on at least June 23, 2015, June 30, 2015, July 9, 2015, July 17, 2015, July 23, 2015, August 3, 2015, and August 4, 2015.

15. Defendant did not have Plaintiff's prior express consent to place these calls.

16. Defendant's actions injured Plaintiff by invading his privacy, causing a repeated nuisance, diminishing the battery life in his cellular telephone, wasting the data storage capacity in his cellular telephone, and by using the "minutes" allocated to Plaintiff in his cellular telephone plan.

## CLASS ALLEGATIONS

17. Plaintiff defines the classes, subject to amendment, as follows:

(1) All persons in the United States (2) to whose cellular telephone number (3) Seas placed a debt collection telephone call (4) using an automatic telephone dialing system or an artificial or pre-recorded voice (5) within the 4 years prior to the filing of the complaint (6) who did not provide their cellular telephone number

to the creditor.

(1) All persons in the United States (2) to whose cellular telephone number (3) Seas placed a debt collection telephone call (4) using an automatic telephone dialing system or an artificial or pre-recorded voice (5) within the 4 years prior to the filing of the complaint (6) who was not the person alleged to owe the debt in question.

18. Plaintiff seeks to represent and is a member of the proposed Classes. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

19. Plaintiff does not know the exact number of members in the Classes, but based upon the generic nature of the calls to Plaintiff, and the fact that the message was pre-recorded, Plaintiff reasonably believes that class members number at minimum in the hundreds if not thousands.

20. Plaintiff and all members of the classes have been harmed by the acts of Defendant.

21. This Class Action Complaint seeks money damages and injunctive relief.

22. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The class can be identified easily through records maintained by Seas.

23. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether Seas used an artificial or pre-recorded voice;

    b.  Whether Seas had prior express consent to send such messages to persons that were not alleged to owe the debts;

    c.  Whether Seas's actions were willful or knowing;

  24. As a person who received pre-recorded messages from Seas, without his prior express consent within the meaning of the TCPA and/or providing his cellular telephone number to the creditor, Plaintiff asserts claims that are typical of the members of the class. Plaintiff will fairly and adequately represent and protect the interests of the class, and have no interests which are antagonistic to any member of the class.

  25. Plaintiff has retained counsel experienced in handling class action claims involving violations of TCPA.

  26. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel defendant to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

  27. Defendant has acted on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## **COUNT I - TCPA**

28. Plaintiff incorporates the above factual allegations herein.

29. Seas made telephone calls to the wireless telephone number of plaintiff and the other members of the class using an artificial or pre-recorded voice.

30. These calls were sent without the prior express consent of plaintiff or the class.

31. Defendant has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . ." As a result of Defendant's illegal conduct, the members of the class were injured and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

32. Plaintiff and class members are also entitled to and do seek injunctive relief prohibiting defendant's violation of the TCPA in the future.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff, the class and sub-class and against defendant for:

   A. Statutory damages pursuant to 47 U.S.C. § 227(b)(1);

   B. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

   C. Such other relief as the Court deems just and proper.

Respectfully submitted,
David Stamer, Plaintiff

/s/ Keith J. Keogh
Attorney for Plaintiff

Keith J. Keogh
Timothy Sostrin
Michael Hilicki
KEOGH LAW, LTD.
55 W. Monroe St., Suite 3390
Chicago, Illinois 60603
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ Keith J. Keogh