IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID STAMER, on behalf of himself and all others similarly situated | ) ) ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | Case No. 15-cv-8277 |
| SEAS & ASSOCIATES, LLC, ABC FINANCIAL SERVICES, INC., BLAST FITNESS GROUP, LLC | ) ) ) ) ) | Honorable Judge John J. Tharp |
| Defendant. | ) | JURY DEMAND |

**FIRST AMENDED COMPLAINT - CLASS ACTION**

**<u>INTRODUCTION</u>**

1. This action for damages and other legal and equitable remedies results from the illegal actions of Defendants in placing unsolicited robocalls using an artificial or prerecorded voice to Plaintiff's cellular telephone number in direct contravention to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA").

2. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227.

3. Congress determined that federal legislation was needed because callers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

**<u>JURISDICTION AND VENUE</u>**

4. This Court has jurisdiction under 28 U.S.C. § 1331 (general federal

question), § 1337, 47 U.S.C. § 227 (TCPA). Venue in this District is proper because Plaintiff resides here and Defendants transact business here.

## PARTIES

5. Plaintiff David Stamer ("Stamer") is, and at all times mentioned herein was, an individual citizen of the State of Illinois, who resides in the district.

6. At all times relevant, Stamer was an individual residing in the State of Illinois. Stamer is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

7. Defendant Blast Fitness Group LLC ("Blast") is a Delaware limited liability company with its principal place of business at 287 Auburn Street, Auburndale, Massachusetts, and at all times mentioned herein was a person as defined by 47 U.S.C. § 153(10).

8. Defendant Seas & Associates, LLC ("Seas") is an Arkansas limited liability company, with its principal place of business at 8320 Highway 107, Sherwood, Arkansas, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153(10).

9. Defendant ABC Financial Services, Inc. ("ABC") is an Arkansas corporation, with its principal place of business at 8320 Highway 107, Sherwood Arkansas, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153(10).

10. Seas and ABC are debt collectors specializing in the collection of debts allegedly owed to fitness centers.

11. Seas and ABC share an address, share assets, and share equipment to provides services to shared fitness center clients.

12. Blast operates fitness centers throughout the country.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

13. The plain language of section 227(b)(1)(A)(iii) of the TCPA prohibits the use of artificial or prerecorded messages in calls made to a wireless number in the absence of an emergency or the prior express consent of the called party.

14. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227; *see also Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

15. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

16. In 2007, the FCC issued a declaratory ruling emphasizing that both the creditor and the third party debt collector may be held liable under the TCPA for debt collection calls. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Request of ACA International for Clarification and Declaratory Ruling*, CG Docket No. 02-278, FCC Release 07-232, 23 FCC Rcd 559; 2008 FCC LEXIS 56; 43 Comm. Reg. (P & F) 877 (Dec. 28, 2007) ("A creditor on whose behalf an autodialed or prerecorded message call is

made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call….A third party collector may also be liable for a violation of the Commission's rules.")

17.  As described below, all of Seas's robocalls to Plaintiffs and the proposed class members were placed on behalf of both ABC and Blast.  In addition, ABC is vicariously liable as the controlling principal of Seas, and, in the alternative, as a joint venture with Seas. Defendants are thus jointly liable for the resulting violations of the TCPA.

### FACTUAL BACKGROUND

18.  ABC provides both billing and collection services to its fitness center clients.

19.  If ABC determines that collection efforts on a particular account should be escalated, it forwards the account to Seas who continues collection efforts.

20.  Seas and ABC together form a joint enterprise that provides services to shared fitness center clients, utilizing a shared address, shared assets, and shared equipment.

21.  At all times relevant to this action, ABC directed and controlled virtually the entire business operation of Seas.

22.  At all times relevant to this action, ABC contracted with and paid a third party vendor to provide automated telephone dialing systems that ABC allowed Seas to use and directed and controlled its use of those automated telephone dialing systems to place robocalls to Plaintiff and the class.

23.  Seas's robocalls were placed on behalf of ABC, as a portion of the moneys collected by Seas are remitted directly from Seas to ABC whenever Seas and/or ABC determines

that money is owed to ABC.

24. In or around May 2013, Blast hired ABC and Seas to collect debts allegedly owed to Blast via telephone on its behalf in furtherance of collection.

25. As part of these debt collection efforts, ABC and Seas used automated telephone dialing systems to place prerecorded debt collection robocalls to the telephone numbers that the fitness center members had provided to Blast as an "emergency contact."

26. On or around May 21, 2014, at the request of Blast and under the direction and control of ABC, Seas began collection efforts on a debt allegedly owed to Blast by a third party.

27. That person had provided Plaintiff's cellular telephone number to Blast as an "emergency phone" number.

28. Between June and August 2015, at the request of Blast and under the direction and control of ABC, Seas used an automatic telephone dialing system to place prerecorded robocalls to Plaintiff's cellular telephone number in an attempt to collect the alleged debt.

29. On or around August 4, 2015, Plaintiff informed Seas that it was calling the wrong person and asked Seas to stop further calls.

30. Seas marked the account as a "wrong number" in the account notes, but placed at least one additional call to the number thereafter.

31. Plaintiff does not owe any debt to and has not entered into any agreements with Seas, ABC, or Blast, and has never provided consent to be contacted on his cellular telephone regarding any matter.

32. Defendants' did not have Plaintiff's prior express consent to place these

calls.

33. Defendant's actions injured Plaintiff by causing the very harm that Congress sought to prevent - a "nuisance and invasion of privacy."

34. Defendants' actions harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

35. Defendants' actions harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

36. Defendants' actions harmed Plaintiff by intruding upon Plaintiff's seclusion.

37. Defendants' actions harmed Plaintiff by causing Plaintiff aggravation and annoyance.

38. Defendants' actions harmed Plaintiff by wasting Plaintiff's time.

39. Defendants' actions harmed Plaintiff by depleting the battery life on Plaintiff's cellular telephone.

40. Defendants' actions harmed Plaintiff by using minutes allocated to Plaintiff by Plaintiffs cellular telephone service provider.

## CLASS ALLEGATIONS

41. Plaintiff defines the classes, subject to amendment, as follows:

(1) All persons in the United States (2) to whose cellular telephone number (3) Seas placed a debt collection telephone call (4) using an automatic telephone dialing system or an artificial or pre-recorded voice (5) within the 4 years prior to the filing of the complaint (6) whose number was listed as an emergency contact in Defendants' records.

(1) All persons in the United States (2) to whose cellular telephone number (3) Seas placed a debt collection telephone call (4) using an automatic telephone dialing system or an artificial or pre-recorded voice (5) within the 4 years prior to

the filing of the complaint (6) after Defendants records listed a "wrong number" or equivalent notation that the number did not belong to the person alleged to owe the debt in question.

(1) All persons in the United States (2) to whose cellular telephone number (3) Seas placed a debt collection telephone call (4) using an automatic telephone dialing system or an artificial or pre-recorded voice (5) within the 4 years prior to the filing of the complaint (6) whose number was listed as an emergency contact in Defendants' records and was called regarding a Blast Fitness debt.

42. Plaintiff seeks to represent and is a member of the proposed Classes. Excluded from the Classes are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

43. Plaintiff does not know the exact number of members in the Classes, but based upon the generic nature of the calls to Plaintiff, and the fact that the message was pre-recorded, Plaintiff reasonably believes that class members number at minimum in the hundreds if not thousands.

44. Plaintiff and all members of the classes have been harmed by the acts of Defendants.

45. This Class Action Complaint seeks money damages and injunctive relief.

46. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The class can be identified easily through records maintained by Defendants.

47. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether Seas used an artificial or pre-recorded voice;

    b. Whether Seas had prior express consent to send such messages to persons that were not alleged to owe the debts;

    c. Whether Defendants' actions were willful or knowing;

48. As a person who received pre-recorded messages from Seas, without his prior express consent within the meaning of the TCPA and/or providing his cellular telephone number to the creditor, Plaintiff asserts claims that are typical of the members of the class. Plaintiff will fairly and adequately represent and protect the interests of the class, and have no interests which are antagonistic to any member of the class.

49. Plaintiff has retained counsel experienced in handling class action claims involving violations of TCPA.

50. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendants to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

8

51. Defendants have acted on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

### COUNT I - TCPA

52. Plaintiff incorporates the above factual allegations herein and is against all Defendants.

53. Seas made telephone calls to the wireless telephone number of plaintiff and the other members of the class using an artificial or pre-recorded voice.

54. These calls were sent without the prior express consent of plaintiff or the class.

55. Blast is liable for the calls made to collect debts allegedly owed to Blast, as it is the creditor and those calls were made on its behalf.

56. ABC is liable for all calls made to collect debts where it had an interest in the debt being collected as it is acting as a creditor.

57. In addition, Seas and ABC are liable for these calls as a joint enterprise.

58. Seas and ABC shared a common object and purpose in the placement of the automated robocalls and an equal right to direct and govern the movements and conduct of each other in respect thereto.

59. In the alternative, ABC is vicariously liable for these calls as it has a principal/agent relationship with Seas, directed and controlled the actions of its agent, Seas, in placing these automated robocalls, and because a portion of the moneys collected by Seas are remitted directly by Seas to ABC whenever Seas and/or ABC determines that money is owed to

ABC.

60. Defendants have therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . ." As a result of Defendant's illegal conduct, the members of the class were injured and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

61. Plaintiff and class members are also entitled to and do seek injunctive relief prohibiting Defendants' violation of the TCPA in the future.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff, the class and sub-class and against Defendants for:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(1);

B. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

C. Such other relief as the Court deems just and proper.

Respectfully submitted,
David Stamer, Plaintiff

/s/ Keith J. Keogh
Attorney for Plaintiff

Keith J. Keogh

10

Timothy Sostrin
Michael Hilicki
KEOGH LAW, LTD.
55 W. Monroe St., Suite 3390
Chicago, Illinois 60603
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ Keith J. Keogh