# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID STAMER, on behalf of himself and all others similarly situated | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Case No. 15-cv-8277 |
| SEAS & ASSOCIATES, LLC, ABC FINANCIAL SERVICES, INC., BLAST FITNESS GROUP, LLC. | ) ) ) ) | Honorable Judge John J. Tharp |
| Defendants. | ) | JURY DEMAND |

## AMENDED MOTION FOR CLASS CERTIFICATION

Plaintiff David Stamer ("Mr. Stamer" or "Plaintiff") respectfully requests this Court to certify that the claims set forth in his Complaint may proceed on behalf of the Classes defined below, name Plaintiff as class representative, appoint his lawyers as counsel for the classes, and allow Plaintiff to file a memorandum in support of this motion after further class discovery.[1]

Plaintiff brings this class action against Defendants Seas & Associates, L.L.C. ("Seas"), ABC Financial Services, Inc. ("ABC"), & Blast Fitness Group, L.L.C. ("Blast") (collectively,

---

[1] This motion is being filed at this time to avoid any attempt by the newly added Defendants (ABC Financial Services, Inc. and Blast Fitness Group, LLC) to pick off the named plaintiff or moot the class claims. Although *Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015) should have put a stop to early pick off attempts in the 7th Circuit, some defendants in this district are still seeking to decapitate class actions at the start by picking off class representatives through early tenders of individual relief *(Fulton Dental, L.L.C. v. Bisco, Inc., 15-cv-11038 – Doc. 36 – (Judge Edmond E. Chang's Memorandum Opinion and Order Dismissing Case)* or individual offers, relying on theories of estoppel and waiver. *See Williams v. Amazon.Com, Inc., 15-cv-7256 - Doc. 53 – (Amazon's Memo in Support of Summary Judgment).* Although Plaintiff's Amended Complaint expressly requests class certification, Plaintiff submits this motion to remove all doubt that he seeks to represent classes of consumers subjected to Defendants' common procedures.

"Defendants") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

Plaintiff's Amended Complaint defines the classes, subject to amendment, as follows:

> (1) All persons in the United States (2) to whose cellular telephone number (3) Seas placed a debt collection telephone call (4) using an automatic telephone dialing system or an artificial or pre-recorded voice (5) within the 4 years prior to the filing of the complaint (6) whose number was listed as an emergency contact in Defendants' records.

> (1) All persons in the United States (2) to whose cellular telephone number (3) Seas placed a debt collection telephone call (4) using an automatic telephone dialing system or an artificial or pre-recorded voice (5) within the 4 years prior to the filing of the complaint (6) after Defendants' records listed a "wrong number" or equivalent notation that the number did not belong to the person alleged to owe the debt in question.

> (1) All persons in the United States (2) to whose cellular telephone number (3) Seas placed a debt collection telephone call (4) using an automatic telephone dialing system or an artificial or pre-recorded voice (5) within the 4 years prior to the filing of the complaint (6) whose number was listed as an emergency contact in Defendants' records and was called regarding a Blast Fitness debt.

In support hereof, Plaintiff states:

**I.    Nature of the Case and the Proposed Classes**

1.    Plaintiff alleges that Defendants violated the TCPA by placing calls to consumers' cellular telephone numbers using an automated telephone dialing system and/or a pre-recorded voice message without having the consumers' express consent to receive such calls.

2.    The TCPA makes it unlawful for any person within the United States "... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... ".  47 U.S.C. § 227(b)(1)(A)(iii).

3. Seas & Associates, L.L.C. ("Seas") and ABC Financial Services, Inc. ("ABC") are professional debt collection agencies that primarily provide services to gym management companies. Blast Fitness Group, L.L.C. ("Blast") operates fitness centers throughout the country,

4. Plaintiff does not owe any debt to Seas, ABC and Blast or their clients, has not entered into any agreements with Seas, ABC or Blast, and has never provided Seas, ABC or Blast with consent to contact him on his cellular telephone regarding any matter.

5. In or around May 2013, Blast hired ABC and Seas to collect debts allegedly owed to Blast via telephone on its behalf in furtherance of collection.

6. Defendants ABC and Seas placed automated calls to Plaintiff's cellular telephone number using an artificial or pre-recorded voice on at least June 17, 2015, June 23, 2015, June 30, 2015, July 9, 2015, July 17, 2015, July 23, 2015, August 3, 2015, and August 4, 2015.

7. Defendants did not have Plaintiff's prior express consent to place these calls.

## II. Requirements for Class Certification

8. "Class certification is normal in litigation under §227 [of the TCPA], because the main questions . . . are common to all recipients." *Ira Holtzman, C.P.A. & Assoc. Ltd. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013). At least fifty courts had already certified TPCA class actions as of 2010. *Karen S. Little, L.L.C. v. Drury Inns, Inc.*, 306 S.W.3d 577, 584 n. 5 (Mo. Ct. App. 2010). In the past five years, courts have continued to certify TCPA class actions, many of which concern unsolicited calls to cellular telephones. *See e.g. Agne v. Papa John's Intern., Inc.*, 286 F.R.D. 559 (W.D. Wash. Nov. 9, 2012); *Lee v. Stonebridge Life Ins. Co.*, 289 F.R.D. 292 (N.D. Cal. 2013); *Stern v. DoCircle, Inc.*, 2014 U.S. Dist. LEXIS 17949 (C.D. Cal. 2014); *Kristensen v. Credit Payment Services*, 12 F.Supp.3d 1292 (D. Nev. 2014); *Birchmeier v.*

*Caribbean Cruise Line, Inc.*, 302 F.R.D. 240 (N.D. Ill. 2014); *Balbarin v. North Star Capital Acquisition, LLC*, 2011 U.S. Dist. LEXIS 686 (N.D. Ill. 2011), *Mitchem v. Illinois Collection Service*, 2011 U.S. Dist. LEXIS 714 (N.D. Ill. 2011); *Chapman v. Wagener*, 2014 U.S. Dist. LEXIS 16866 (N.D. Ill. 2014); *Abdeljalil v. General Electric Capital Corp.*, 2015 U.S. Dist. LEXIS 43288 (S.D. Cal. 2015); *Stemple v. QC Holdings, Inc.*, 2014 U.S. Dist. LEXIS 125313 (S.D. Cal. 2014); *Booth v. Appstack, Inc.*, 2015 U.S. Dist. LEXIS 40779 (W.D. Wash. 2015).

9. All requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied.

10. The classes are so numerous that joinder of all members is impractical. Fed.R.Civ.P. 23(a)(1). It is not necessary at this point that the precise number of class members be known: "A class action may proceed upon estimates as to the size of the proposed class." *In re Alcoholic Beverages Litigation*, 95 F.R.D. 321, 324 (E.D.N.Y. 1982). The court may "make common sense assumptions in order to find support for numerosity." *Evans v. United States Pipe & Foundry*, 696 F.2d 925, 930 (11th Cir. 1983).

> "[T]he court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendants, since discovery is not essential in most cases in order to reach a class determination . . . Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable."

2 *Newberg on Class Actions* (3d ed. 1992), §7.22.A.

11. Here, numerosity can be assumed based upon the nature of the call to plaintiff, the size of Defendants and the fact that the messages were pre-recorded. Plaintiff reasonably believes that class members number at minimum in the hundreds if not thousands.

12. There are questions of fact or law common to the Classes, which predominate over any

4

questions affecting individual members. Fed.R.Civ.P. 23(a)(2), Fed.R.Civ.P. 23(a)(3). Those common questions of law and fact include, but are not limited to:

  a. Whether Seas used an artificial or pre-recorded voice;

  b. Whether Seas had prior express consent to send such messages to persons that were not alleged to owe the debts;

  c. Whether Defendants' actions were willful or knowing;

13. Commonality requires that "there are questions of law or fact common to the class" (Fed. R. Civ. P. 23(a)(2)) and that "the class members have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) In other words, the class claims must "depend upon a common contention… capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). A single common factual or legal issue is sufficient to satisfy the rule. *Langendorf*, 2014 U.S. Dist. LEXIS 154444 at *6.

14. Commonality is satisfied in this case. First, all of the class members suffered the same injury as each received an artificial or prerecorded call from Defendants. Numerous courts have found commonality to be satisfied in similar circumstances. *See Agne*, 286 F.R.D. 559, 567 (W.D. Wash. 2012) ("Because Plaintiff's allegation is not merely that all class members suffered a violation of the TCPA, but rather that all class members were sent substantially similar unsolicited text messages by the same defendants, using the same automatic dialing technology, commonality is satisfied."); *Booth*, 2015 U.S. Dist. LEXIS 40779 at *19 (commonality satisfied where the class members' claims were all predicated on "the use of the same predictive dialer to

robocall and play the same recorded message to various cell phone numbers."); *Birchmeier*, 302 F.R.D. at 251 (finding "a common injury, resulting from receipt of the allegedly offending calls").

15. Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). In other words, "there must be enough congruence between the named representative's claim and that of the unnamed members of the class to justify allowing the named party to litigate on behalf of the group." *Spano v. The Boeing Co.*, 633 F.3d 574, 586 (7th Cir. 2011). In general, a claim "is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and based on the same legal theory." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006).

16. In this case, Plaintiff's claims, and those of the absent class members, arise from the same course of conduct: Defendants' use of prerecorded debt collection calls. This satisfies typicality. *See Stern*, 2014 U.S. Dist. LEXIS 17949 at *11-12 (finding typicality satisfied in a TCPA case because "the unnamed class members received text messages identical or similar to those received by Plaintiff. And these text messages were caused by the same course of conduct."); *Malta v. The Federal Home Loan Mortgage Corp.*, 2013 U.S. Dist. LEXIS 15731, *7 (S.D. Cal. 2013).

17. Mr. Stamer will fairly and adequately protect the interests of the members of the classes. Fed.R.Civ.P. 23(a)(4). He has no conflicting interests with the class members, is seeking relief on the behalf of members of the classes, and has retained counsel who are experienced in pursuing class actions on behalf of consumers under the TCPA. Counsel's affidavit is attached as

*Exhibit 1*.

18. A class action is a superior method for the fair and efficient adjudication of this case. Fed.R.Civ.P. 23(b)(3). "Rule 23(b) was designed for situations … in which the potential recovery is too slight to support individual suits, but injury is substantial in the aggregate." *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 953 (7th Cir. 2006). As described above, each class member has a claim likely worth no more than $500 per call. Based on the nature of the call, it is unlikely that any class member will have more than a handful of calls. Since the TCPA is not a fee shifting statute, individual actions are not feasible even if the Court were to treble damages upon a finding of willfulness, as attorneys' fees would greatly exceed the recovery. *See Agne*, 286 F.R.D. at 571 ("Five hundred dollars is not sufficient to compensate the average consumer for the time and effort that would be involved in bringing a small claims action against a national corporation like Papa John's.").

19. Further, a class action is the most efficient means of resolution. A single lawsuit adjudicating the question of whether Defendants' collection calls violate the TCPA is superior to countless identical individual lawsuits pressing the same question, and potentially resulting in inconsistent rulings. *See Birchmeier*, 302 F.R.D. at 255. In this case, "the class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every class member to be litigated in an economical fashion under Rule 23." *Gen. Tel Co. of the Southwest v. Falcon*, 457 U.S. 147, 155 (1982).

20. The claims are shared by hundreds, if not thousands, of consumers. The resolution of all claims held by members of the classes in a single proceeding would promote judicial efficiency. Furthermore, members of the classes may not be aware of their rights under the law to recover

7

from defendants' practices.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order certifying that this action may proceed on behalf of the classes defined above, name Plaintiff as class representative, appoint his lawyers as counsel for the classes, and allow Plaintiff to file a memorandum in support of this motion after taking class discovery.

Respectfully submitted,
/s/ Timothy J. Sostrin
One of Plaintiff's Attorneys

Keith J. Keogh
Timothy Sostrin
Michael Hilicki
Keogh Law, Ltd.
55 West Monroe Street, Suite 3390
Chicago, Illinois 60603
(312) 726-1092
(312) 726-1093 (fax)
TSostrin@KeoghLaw.com